```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
KEITH ROBERTSON,
                              *
     Plaintiff,
                              *
v.                                      CIVIL NO.: WDQ-06-1229
                              *
NANCY K. KOPP, et al.,
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Keith Robertson, *pro se*, sued Maryland State Treasurer Nancy K. Kopp, and Baltimore Central Booking and Intake Center Correctional Officers Nikki A. Johnson and Katherine E. Blackmon under 42 U.S.C. § 1983 for deprivation of due process. Pending is Johnson's motion for reconsideration of the Court's January 5, 2007 Order (Paper No. 20) granting the Defendants' motion to dismiss as to Kopp and Blackmon, but denying it as to Johnson. For the following reasons, the motion will be denied.

I.   Background

This case arises from Robertson's alleged unlawful detention at the Baltimore City Detention Center between June 8 and July 5, 2004, the facts of which are further described in the Court's January 5, 2007 Memorandum Opinion (Paper No. 19, the "Opinion").

1

On May 15, 2006, Robertson commenced this suit with a complaint against Kopp in her capacity as the Maryland State Treasurer. On July 7, Robertson filed his Supplemental Complaint naming Johnson and Blackmon as additional defendants.

On November 10, 2006, the Defendants moved to dismiss, or in the alternative, for summary judgment; arguing that: (1) Robertson failed to state a claim for relief under 42 U.S.C. § 1983; and (2) Johnson and Blackmon were entitled to qualified immunity. For the reasons stated in the Opinion, the Court granted the motion to dismiss as to Kopp and Blackmom, but denied it as to Johnson, finding that Robertson had stated a claim for relief from Johnson's alleged conduct. Papers No. 19, 20.

Johnson now moves for the Court to reconsider the January 5, 2007 Order and grant her summary judgment.

II. Discussion

A. Standard of Review

The day following the January 5 Order, Johnson moved for a three-week extension to file a responsive pleading to the Complaint or a motion for reconsideration (Paper No. 21). The Court granted the extension (Paper No. 22), and Johnson filed the pending motion within the extended period. The Court will thus consider Johnson's motion for reconsideration as one to alter or amend judgment under Federal Rule of Civil Procedure ("Rule")

2

59(e).  *See U.S. v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (motions filed within ten days of entry of judgment construed as filed under Rule 59(e)).

Under Rule 59(e), a court may grant a motion for reconsideration to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice.  *Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir. 2005).

B. Analysis

Johnson argues that the court erred by not treating her motion as one for summary judgment after it denied her motion to dismiss for failure to state a claim.  She contends that the affidavits attached to the Defendants' motion show that there are no genuine issues of material fact, and thus she is entitled to judgment as a matter of law.

The last sentence of Rule 12(b) provides that if the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it shall treat the motion as one for summary judgment, to be disposed of under Rule 56, and provide all parties a "reasonable opportunity to present all material made pertinent to such a motion."  Fed. R. Civ. P. 12(b).  Whether matters outside the pleadings will be considered, and a motion to dismiss

3

converted to one for summary judgment, is within the district court's discretion. *E.g., Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998); *Levenstein v. Salafsky,* 164 F. 3d 345, 347 (7th Cir. 1998); *see A. S. Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964) (considering same language in Rule 12(c) for converting judgment on the pleadings to summary judgment).

III.  Conclusion

The Court chose to consider the Defendants' motion as a motion to dismiss, and not convert it to one for summary judgment.  As there is thus no outstanding motion for summary judgment, Johnson's motion for reconsideration will be denied.


<u>March 12, 2007</u>                                      <u>        /s/                </u>
Date                                                William D. Quarles, Jr.
                                                    United States District Judge