```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
KEITH ROBERTSON,
                              *
     Plaintiff,
                              *
v.                                    CIVIL NO.: WDQ-06-1229
                              *
NANCY K. KOPP, et al.,
                              *
     Defendants.
                              *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Keith Robertson, *pro se*, sued Maryland State Treasurer Nancy K. Kopp, and Baltimore Central Booking and Intake Center ("Central Booking")[1] Correctional Officers Nikki A. Johnson and Katherine E. Blackmon under 42 U.S.C. § 1983 for deprivation of due process. Pending are Johnson's motions for summary judgment and extension of time to file an answer. For the following reasons, the motion for summary judgment will be granted, and the motion for extension of time denied as moot.

I.  Background

On May 14, 2004, the Honorable John M. Glynn of the Circuit Court for Baltimore City, Maryland (the "Circuit Court"), issued

---

[1] Central Booking is part of the Maryland Department of Public Safety and Correctional Services' Division of Pretrial Detention and Services (the "Division").

1

a bench warrant for Robertson's arrest, ordering that he be: (1) committed to Central Booking without bail or a hearing before a Central Booking Court Commissioner; and (2) transported to the Circuit Court on the next business day for a hearing on his pre-trial release status.[2]  Compl. Ex. 2 (Warrant of Arrest) at 1, 3.

On June 8, 2004, Robertson was arrested by a Baltimore City Police Officer at the Maryland District Court at 5800 Wabash Avenue, Baltimore, Maryland, and transported to Central Booking. Supp'l Compl. Ex. 2 (Offender Arrest Information Report). Johnson was on duty that day at the "Process Facilitation (Warrants)" post.  Supp'l Compl. Ex. 10 (Central Booking's Post Assignment Worksheet).  Robertson alleges that Johnson omitted from Central Booking's automated booking system (the "ABS") the Circuit Court's instruction to transport him to the court for his hearing on the next business day.[3]

Early the next morning, on June 9, Robertson was committed to the Baltimore City Detention Center (the "BCDC").  Supp'l Compl. Ex. 12 (Offender Activity Log).  On June 28, Robertson was

---

[2] Robertson had allegedly violated a condition of his pre-trial release on assault charges by contacting one of the alleged victims.  Compl. Ex. 1 (State's Motion for Issuance of Bench Warrant) at 1.

[3] Robertson specifically mentions two reports where his pre-trial hearing is omitted: (1) the Offender Detainer Information Report (Supp'l Compl. Ex. 5); and (2) the Offender Booking Information Report (Supp'l Compl. Ex. 6).  Johnson refers to the ABS in her affidavit as the "Arrest Booking System."

visited by a social worker at the BCDC; and, the next day, 21 days after his arrest, he was brought before the Circuit Court. Supp'l Compl. 1, 2.

On June 30, the Circuit Court reduced Robertson's bail to $7,500, which he posted that day, though he was not released until July 6, 2004. *Id*. at 1, Def.'s Mem. 5.

On May 15, 2006, Robertson commenced this suit with a complaint against Kopp in her capacity as the Maryland State Treasurer. On July 7, 2006, Robertson filed his Supplemental Complaint naming Johnson and Blackmon as additional defendants.

On January 5, 2007, the Court granted the Defendants' motion to dismiss as to Kopp and Blackmon, but denied it as to Johnson, finding that Robertson had stated a claim for relief from Johnson's alleged conduct. Papers No. 19, 20.

II. Discussion

II.A. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Only "facts that might affect the outcome of the suit under the governing law" are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court must also view any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257. The mere existence of a "scintilla" of evidence is insufficient. *Id*. at 252. If the nonmoving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

II.B.  Analysis

Robertson argues that Johnson caused him to be imprisoned for 27 days without due process by disregarding her duty to instruct Central Booking or the BCDC to transport him to the

4

Circuit Court on the next business day.

Title 42 U.S.C. § 1983 provides citizens with a civil cause of action against state actors who violate their constitutional rights. To state a claim under § 1983, a plaintiff must allege that a defendant: (1) caused him a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States; and (2) was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. *Adikes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The right to freedom from imprisonment by a state without due process of law is clearly established by the United States Constitution. U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of . . . liberty . . . without due process of law."); *see also Zadvydas v. Davis,* 533 U.S. 678, 690 (2001) ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process Clause of the Fifth Amendment] protects.").

Generally, a law officer or other person acting under color of state law may only incur § 1983 liability through affirmative misconduct; however, "it is well established that an omission to act, when coupled with a duty to act, may provide a basis for liability." *Randall v. Prince George's County, Md.,* 302 F.3d 188, 202-03 (4th Cir. 2002).

5

Johnson argues that summary judgment is due in her favor because she had no duty to record the time and place of Robertson's Circuit Court hearing, and thus she had no personal involvement in his alleged deprivation of due process. Johnson attests that "[i]t is *not* part of [her] duties . . . in the warrant unit . . . to schedule any court proceedings pertaining to arrestees," nor is it a function she ever performs. Def.'s Mot. Ex. 1 (Johnson Aff.) ¶¶ 2, 6.

Johnson's supervisor, Lt. Tyrell Wilson, attests that officers in Central Booking's Warrant Unit, to which Johnson was assigned, "play no role whatsoever in the scheduling of any subsequent court proceedings pertaining to the warrant, which is something handled between the originating court and the Division's Pretrial Release Services Program." Def.'s Mot. Ex. 2 (Wilson Aff.) ¶ 4.

Robertson argues that a July 1, 2003 position classification for "Arrest Booking Officer[s]" shows that Johnson's job requirements include "[r]ecording, on the [ABS], . . . the time and place of required hearings." Pl.'s Resp. 1 (*quoting* Pl.'s Opp'n to Defs.' Mot to Dismiss (Paper No. 18) Ex. A, the "Position Classification"). Johnson contends that the Position Classification merely provides examples of work possibly performed by any Arrest Booking Officer in the State of Maryland, and does not define her particular duties in Central Booking's

6

Warrant Unit.  Indeed, section II of the Position Classification, from which Robertson quotes, is entitled "EXAMPLES OF WORK: (Examples are illustrative only);" thus, the functions described therein are not reliable evidence of what Johnson's actual duties are at Central Booking.

Robertson offers no other evidence to dispute that offered by Johnson that she had no duty to ensure his appearance before the Circuit Court on the next business day after his commitment, and thus cannot be liable for his claims as a matter of law.  Accordingly, Johnson's motion for summary judgment will be granted, and her motion for extension of time to file an answer will be denied as moot.

III.  Conclusion

For the reasons stated above, Johnson's motion for summary judgment will be granted, and her motion for extension of time denied as moot.

| | |
|---|---|
| _June 25, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |